IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| KELSEY MONAHAN, *Plaintiff,* –against– TRIDENT MEDICAL CENTER, LLC, and HCA HEALTHCARE, INC., (HCA), *Defendants.* | Civil Action No.: 2:26-cv-04299-BHH-PJG **COMPLAINT** |

Plaintiff Kelsey Monahan, by her undersigned counsel alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for damages and injunctive relief caused by Defendants' refusal to permit Plaintiff to take a leave of absence from employment and subsequent retaliation, including discharge of Plaintiff from employment, in violation of Section 102 of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2615. Plaintiff additionally asserts state law claims for breach of contract and breach of contract accompanied by a fraudulent act.

**JURISDICTION AND VENUE**

2. The jurisdiction of this Court over this controversy is invoked pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331. The Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. The unlawful employment practices described herein were committed within the State of South Carolina, while Plaintiff was residing in South Carolina and employed at Defendants' facilities in Charleston County, South Carolina. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

**PARTIES AND FACTS**

4. Plaintiff Kelsey Monahan is a female citizen of the United States and a resident of the State of South Carolina.

5. Defendant HCA HealthCare, Inc. (hereinafter "HCA") is a "for profit" healthcare provider with a history of criminal felony convictions for healthcare fraud, including false Medicare billing which required payment of over $1.7 billion on account of healthcare fraud. HCA has a history of regulatory violations including, but not limited to, recent violations of State and Federal law prohibiting training repayment agreement provisions (TRAPs) in nurses' employment contracts. HCA does substantial business in and employed Plaintiff in Charleston County, South Carolina.

6. Defendant Trident Medical Center, LLC ("Trident") is a Delaware limited liability company which is owned and operated by HCA. Trident does substantial business in and employed Plaintiff in Charleston County, South Carolina.

7. Both Defendants were "employers" under 29 U.S.C. § 2611(4)(A) at all times relevant to this action—they engaged in an industry affecting commerce and employed fifty or more employees.

8. Plaintiff is a highly qualified and educated nurse. She is a Registered Nurse (RN) with a Bachelor of Science in Nursing (BSN) who holds two specialized certifications: SCRN (Stroke Certified Registered Nurse) from the American Board of Neuroscience Nursing (ABNN) for expertise in stroke care, and TNCC (Trauma Nursing Core Course) certification from the Emergency Nurses Association (ENA), demonstrating advanced skills in trauma assessment and management, crucial for emergency and critical care settings.

9. Plaintiff was employed as an Emergency Department nurse by Defendants in Charleston County, South Carolina from October 16, 2023, until January 15, 2025. Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 2611(2)(A) at each time she requested of Defendants a leave of absence from employment after her one year anniversary date of October 16, 2024.

10. Plaintiff's employment was governed by a contract which required "cause" for termination with "cause" defined as a reason for disciplinary action that is not arbitrary, capricious, or illegal.

11. During her employment with Defendants, Plaintiff notified Defendants that she suffers from Ehlers-Danlos Syndrome (EDS) and attempted to obtain leave for this serious medical condition under the FMLA. Defendants failed to properly provide leave for this and other serious medical conditions which rendered Plaintiff eligible for FMLA leave. As a consequence, Defendants maintained an erroneous record of Plaintiff's attendance which faulted Plaintiff for absences which should have been treated as FMLA approved absences.

12. On December 3, 2024, due to a family member's serious injury, Plaintiff again requested to take FMLA leave. She was ultimately required to take non-FMLA personal leave for the period beginning December 3, 2024 and ending with the week of January 5, 2025. Although Plaintiff was permitted to take this leave, Defendants determined to further retaliate against her for exercising or attempting to exercise rights under the FMLA.

13. Plaintiff was unable to return to work on January 5, 2025, due to a serious medical condition and was required to call out from work. On January 8, 2025, Defendants gave Plaintiff a "Final Written Warning" which purported to rest upon a gross misstatement of her prior attendance record and wrongly included January 5, 2025, as a basis for discipline.

14. Despite her continued suffering from an open and obvious serious medical condition, Plaintiff continued to attempt to work, but on account of her serious medical condition was required to leave her work early on January 11 and 12, 2025. On both days, leaving early meant approximately a couple of hours before the scheduled end of her shift. The Defendants and their agents—including the charge nurse and management personnel—were contemporaneously aware of her serious medical condition but failed to provide the Plaintiff with FMLA leave. Plaintiff's symptoms, including a noticeable fever, were evident and even demonstrated to them by Plaintiff taking her temperature in their presence. Despite these clear indications of her illness, Plaintiff was expected to remain on duty for nearly the entirety of her shifts.

15. Defendants communicated with Plaintiff on January 13, 14, and 15 of 2025 as Plaintiff continued to suffer from a serious medical condition that precluded her from working. Plaintiff advised the Defendants during this period that Plaintiff was suffering from pneumonia, which had required two emergency visits due to critically low oxygen saturation levels and significant difficulty breathing as well as ongoing treatment from a healthcare provider, and which had continued to render her unable to work. Defendants were specifically made aware that Plaintiff was in the hospital during an interaction on January 14.

16. Despite the foregoing notice given the Defendants, on January 15, 2025, Defendants advised the Plaintiff by telephone that she was being terminated for her attendance. Plaintiff contemporaneously provided Defendants with medical documentation from a physician of her serious medical condition and the necessity for her absences, but Defendants nonetheless provided Plaintiff with a written Disciplinary/Corrective Action Form terminating her employment effective January 15, 2025, for attendance – including her leaving work early on January 12, 2025,

due to illness and her continuing absence due to pneumonia – all of which were known to the Defendants.

**FOR A FIRST CAUSE OF ACTION**
(Violations of the Family and Medical Leave Act)

17. Plaintiff incorporates herein all her prior and subsequent allegations.

18. The Defendants' refusals to grant FMLA leave and their ensuing termination of the Plaintiff's employment interfered with her exercise of her rights under the FMLA in willful violation of 29 U.S.C. § 2615(a)(1);

19. The Defendants' refusals to grant FMLA leave and their ensuing termination of the Plaintiff's employment were discriminatory, and retaliatory in willful violation of 29 U.S.C. § 2615(a)(2).

**FOR A SECOND CAUSE OF ACTION**
(Breach of Contract)

20. Plaintiff incorporates herein all her prior and subsequent allegations.

21. The termination of the Plaintiff's employment was without "cause" for termination in violation of her employment contract with the Defendants. *Inter alia*, Defendants terminated Plaintiff's employment illegally.

**FOR A THIRD CAUSE OF ACTION**
(Breach of Contract Accompanied by Fraudulent Act)

22. Plaintiff incorporates herein all her prior and subsequent allegations.

23. Defendants breached their contract with Plaintiff; their breach was accompanied by fraudulent intent relating to the breaching of the contract; and fraudulent acts accompanied their breach. *Inter alia,* Defendants willfully, maliciously, falsely, and fraudulently asserted that they

had cause for termination, and for refusal to grant FMLA leave, and they fraudulently breached the employment contract with fraudulent intent.

24. Defendants thereby caused actual and punitive damages to the Plaintiff.

## TRIAL BY JURY

25. Plaintiff demands a trial by jury of all claims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Enter a judgment that Defendants' refusal to grant Plaintiff leave and additional retaliatory actions violated 29 U.S.C. § 2615 of the Family and Medical Leave Act of 1993;

(b) Issue a mandatory injunction pursuant to 29 U.S.C. § 2617(1)(B) directing the Defendant to rehire the Plaintiff retroactive to January 15, 2025, to her position as Emergency Department Nurse or to an equivalent position;

(c) Issue a mandatory injunction, pursuant to 29 U.S.C. § 2617(1)(B) directing the Defendants to place Plaintiff on employment leave, retroactive to January 15, 2025;

(d) Issue a mandatory injunction, pursuant to 29 U.S.C. § 2617(1)(B), directing the Defendants to reinstate all of Plaintiff's employment benefits, retroactive to January 15, 2025;

(e) Enter a judgment pursuant to 29 U.S.C. § 2617(a)(1)(A)(i)(I) against the Defendants and in favor of Plaintiff for damages, including the amount of all wages, salary, employment benefits, and other compensation denied or lost to her by reason of Defendants' willful violations, the interest on the amount described in clause (i)

calculated at the prevailing rate, together with liquidated damages in an equal amount;

(f) Enter a judgment pursuant to 29 U.S.C. § 2617(a)(3) against the Defendant and in favor of Plaintiff for the reasonable attorneys' fees and costs incurred by Plaintiff in connection with the instant action;

(g) Award Plaintiff actual and punitive damages as relief for her breach of contract and fraudulent breach of contract accompanied by fraudulent act claims; and

(h) Grant such further and additional relief as the Court may deem just and proper.

Respectfully submitted,

**GIBBS & HOLMES**

/s/Allan R. Holmes
Allan R. Holmes (Fed. ID# 1925)
A. Riley Holmes, Jr. (Fed. ID# 11115)
Cheryl H. Ledbetter (Fed. ID# 11446)
171 Church Street, Suite 110
Charleston, South Carolina 29401
Phone: (843) 722-0033
Fax: (843) 722-0114

ATTORNEYS FOR PLAINTIFF

Charleston, South Carolina
September 25, 2026